UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JESSE PRITCHARD,

Plaintiff,

-against-

H.E.S.C. COMPANY, LLC d/b/a CASA BLANCA,

Defendant(s).

**MEMORANDUM & ORDER**
2:25-CV-4285-ST

**TISCIONE, United States Magistrate Judge:**

In March 2020, Jesse Pritchard ("Plaintiff") was hired by H.E.S.C. Company LLC ("Defendant")—a real estate agency—as the head of recruiting. Complaint ("Compl.") ¶¶ 1-2, ECF No. 1. On June 27, 2025, Plaintiff was terminated. *Id.* ¶ 6.

Plaintiff filed suit for violations of New York Labor Law ("NYLL") §§ 190 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging: (1) failure to pay timely wages; (2) failure to provide wage statements; (3) failure to provide wage notice; (4) retaliation under the FLSA; (5) retaliation under the NYLL; and (6) misclassification.

Now before this Court is Defendant's motion to dismiss.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed R. Civ. P. 12(b)(1). In doing so, the Court construes all ambiguities and draws all inferences in Plaintiff's favor. However, under a 12(b)(1) challenge, the "plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence." *Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir. 2002). In making such a determination this Court is "free to consider materials extrinsic to the complaint." *Id.*

To survive a 12(b)(6) motion, a complaint must contain sufficient facts such that "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In doing so, the Court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019). However, allegations that "are no more than conclusions are not entitled to the assumption of truth." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010); *see Iqbal*, 556 U.S. at 663 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."); *Larsen v. Berlin Bd. of Educ.*, 588 F.Supp.3d 247, 256 (D. Conn. 2022) ("[A] court need not credit conclusory or contradictory allegations.").

## DISCUSSION

### I. FLSA Coverage

The FLSA applies to individual employees who engage in interstate commerce, *see Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 245 (S.D.N.Y. 2015), and employers who meet the enterprise coverage test which "considers whether the employer has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and whose annual gross volume of sales made or business done is not

less than $500,000." *Cao v. Wedding in Paris LLC*, 727 F. Supp. 3d 239, 273 (E.D.N.Y. 2024) (quotations omitted) (cleaned up).

Here, Plaintiff claims "Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as Defendant employed two or more persons and conducts business across state lines, as evidenced by it being an Ohio corporation that does business in, at least, New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise." Compl. ¶ 13. Further, Plaintiff was the head of recruiting but fails to provide any detail about what the position entailed.

To summarize, Plaintiff fails to meet the threshold for individual and enterprise coverage.

For purposes of individual coverage, an employee is engaged in commerce when "a substantial part of the employee's work related to interstate commerce." *Zavada v. Mehbizar, Inc.*, 2024 WL 759351, at *3 (E.D.N.Y. Feb. 23, 2024) (citing *Divins v. Hazeltine Electronics Corp.*, 163 F.2d 100, 103 (2d. Cir. 1947). "Activities that simply affect or indirectly relate to interstate commerce are insufficient to plead individual coverage." *Id.*

Plaintiff's sole allegation regarding the nature of her work is that she was employed as "head of recruiting." Compl. ¶ 15. Without more, it cannot be inferred that a "substantial part" of Plaintiff's work related to interstate commerce. *Id.*; *see also Kidwell v. Digital Intel. Sys., LLC*, 2014 WL 4722706 (N.D. Tex. Sept. 22, 2014) (holding that employee's job title as "national staff recruiter" was insufficient to demonstrate individual coverage, regardless of the presence of the term "national" in the job title.).

As to enterprise coverage, Plaintiff fails to give this Court any indicia what interstate business Defendant engaged in. From what we can glean from the Complaint, Defendant is a New York real estate agency. That's it.

Nothing within the complaint refers to any interstate business aside from paragraph thirteen, where Plaintiff concludes Defendant engages in business across state lines. What business? What states? This Court is left wondering. Further, the only factual basis from which this Court could infer interstate commerce is internally inconsistent. Plaintiff claims Defendant is an Ohio corporation that does business in New York. *See* Compl. ¶ 13. In the very next paragraph, Plaintiff states "Defendant is a New York corporation." *Id.* ¶ 14.

Controlling here, "courts are under no obligation to accept as true allegations that are internally inconsistent." *Shih v. Broadway League*, 2024 WL 3928618, at *3 (S.D.N.Y. Aug. 20, 2024); *see also Pierce v. Fordham Univ., Inc.*, 2016 WL 3093994, at *2 (S.D.N.Y. June 1, 2016), *aff'd*, 692 F. App'x 644 (2d Cir. 2017) ("It is well established that, where a plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.") (citation and quotations omitted). As such, there is no basis for enterprise coverage.

To the extent Plaintiff urges this Court to infer enterprise coverage, she misinterprets the case law. Plaintiff cites *Cao*, where although the allegations were conclusory "multiple courts in this district have held that similarly conclusory allegations of enterprise coverage may be accepted[.]" *Cao*, 727 F. Supp. 3d at 274 (citation and quotations omitted). There, however, the Court was deciding a motion for default judgment. The lineage of cases on which *Cao* relies recognize that courts should make favorable inferences on default judgment motions to not incentivize violating employers from avoiding liability. "To decline to make reasonable inferences of interstate commerce in cases like this would frustrate the FLSA's remedial purpose and would give employers perverse incentives to default in FLSA actions, where plaintiff workers may lack specific information about their employers' distribution networks. The Court refuses to handicap

working men and women in such a manner." *Cabrera v. Canela*, 412 F. Supp. 3d 167, 174 (E.D.N.Y. 2019); *see also Feng v. Kelai Corp.*, 727 F. Supp. 3d 423, 444 (S.D.N.Y. 2024) (deciding default judgment the Court "reasonably infer[ed] from the nature of its business as a restaurant located in New York City that Kelai handled goods, such as food and other supplies, that originated outside of New York and regularly traveled through interstate commerce.").

As Courts of the Eastern District have recognized, failure to establish FLSA coverage is not a jurisdictional inquiry, but rather a merits-based threshold requirement under 12(b)(6). *See Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 301 (E.D.N.Y. 2009). Indeed, "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006). As is common practice, Courts routinely decline to exercise supplemental jurisdiction over remaining NYLL claims when the FLSA claims are dismissed. *See Spiteri v. Russo*, 2013 WL 4806960, at *63 (E.D.N.Y. Sept. 7, 2013) (collecting cases), *affirmed* 622 F. App'x 9 (2d Cir. 2015).

As such, the FLSA claims fail under 12(b)(6), and we decline supplemental jurisdiction over the NYLL claims. Nevertheless, this Court will entertain Plaintiff's claims on their merits for purposes of completeness.

## II. Failure to Pay Timely Wages

Plaintiff alleges Defendant failed to pay wages on a bi-monthly basis in accordance with NYLL § 191(1)(a).

While New York's intermediate appeals courts are split on whether there is a private right of action under NYLL § 191, *see Grant v. Glob. Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (2nd Dep't 2024) (no private right of action under NYLL § 191); *but see Vega v. CM & Assocs. Constr.*

*Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019) (private right of action under NYLL § 191), this Court has recognized that "[a]lmost every court in this Circuit that has confronted this split in authority has predicted that the Court of Appeals would rule that NYLL § 198 conveys a private right of action for violations of NYLL § 191." *Camillo v. Khim's Millennium Mkt., Inc.*, 2025 WL 951265, at *11 (E.D.N.Y. Mar. 13, 2025) (collecting cases), *R & R adopted* 2025 WL 948125 (E.D.N.Y. Mar. 28, 2025). We agree.

Defendant argues "Courts in the Eastern District routinely require that plaintiffs in unpaid wage cases establish a factual basis for their claims, and they dismiss claims where the elements of the claim are merely regurgitated without factual support for alleging a violation." Df's. Mot. at 3, ECF No. 19-4. In doing so, Defendant cites one case: *Sudilovskiy v. City WAV Corp.*, 2022 WL 4586307 (E.D.N.Y. Sept. 29, 2022). But *Sudilovskiy* pertains to minimum wage and spread-of-hours pay, not NYLL § 191. As such, it is not applicable.

*Levy v. Endeavor Air Inc.* spells out the appropriate standard. 638 F. Supp. 3d 324 (E.D.N.Y. 2022). In addressing NYLL § 191, the court held

> the loss of the time value of the money owed to plaintiff is not a harm that *might* occur, but one that *has* occurred; it is not a harm that *might* materialize, but one that *has* materialized. At its essence, defendant's attack is not one of law, but of economics. [Defendant] refuses to recognize here what it must certainly recognize in the handling of its own business affairs: there is a time value to the possession of money. Plaintiffs need not, as defendant suggests, spell out how the time value of money, as an economic theory, applies to their case. It does apply; the delay in payment alleged, due to defendant's unlawful rate-of-payment practices, necessarily means that plaintiffs were forced to wait to receive money that, as compared with when they should have received it, was, when they did receive it, worth less.

*Id.* at 329–30.

Here, Plaintiff alleges Defendant failed to pay on a timely basis, specifically failing to make bi-monthly payments. Compl. ¶¶ 3-4, 21, 33. Further, Plaintiff complained to Defendant regarding her rate of pay to no avail. *Id*. ¶ 5. As such, Plaintiff has alleged harm that *has* occurred.

True, Plaintiff's allegations here are "on the light side and do not contain detail on how the late payment specifically harmed her[.]" *Elhassa v. Hallmark Aviation Servs., L.P.*, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022). But "the late payment of wages can constitute a concrete harm sufficient to confer standing on a plaintiff who seeks relief under Sections 191 and 198 of the NYLL." *Rosario v. Icon Burger Acquisition LLC*, 2022 WL 17553319, at *3 (E.D.N.Y. Dec. 9, 2022) (collecting cases). Accordingly, Plaintiff's NYLL § 191 claim would have survived.

**III. Failure to Provide Wage Statements and Wage Notice**

Defendant asserts Plaintiff lacks standing to bring claims for failure to provide wage notice and wage statements. This Court agrees.

To establish Article III standing, a plaintiff must demonstrate that he "suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). In *TransUnion*, the Supreme Court "rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id.* at 426 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427.

In *Guthrie v. Rainbow Fencing Inc.*, the Second Circuit held to obtain statutory damages for wage notice and wage statement violations, a plaintiff must "adequately allege a concrete injury-in-fact resulting from the failure to provide the wage notices and wage statement[s]." 113

F.4th 300, 302 (2d Cir. 2024). In other words, a plaintiff must show "some causal connection between the lack of accurate notices and the downstream harm." *Id.* at 308; *see also Armon Gonzalez v. 1316 Broadway Chicken Corp.*, 2026 WL 2535231 (E.D.N.Y. July 24, 2026 (explaining that after *Guthrie*, "courts in this district have held that plaintiffs do not have standing to sue for NYLL Notice violations if they cannot show a clear causal connection between the statutory violation and the concrete harm suffered by the plaintiff"), *R. & R. adopted,* 2026 WL 2532745 (E.D.N.Y. Aug. 27, 2026); *Thomas v. Amazon.com Services LLC*, 2025 WL 253276 (E.D.N.Y., 2025) (finding that the plaintiff failed to establish Article III standing because he only alleged "technical violations of NYLL § 195" and provided "no theory as to *how* he was injured by the Defendants' failure to provide the required documents" (citation omitted)).

Here, Plaintiff has alleged statutory violations of NYLL § 195 and nothing more. Compl. ¶¶ 8, 38, 43. Plaintiff does not allege any causal connection between the lack of notices and any downstream harm. The Complaint does not even allege that Plaintiff *was*, in fact, harmed by Defendant's alleged failure to provide wage notices and wage statements. But "in suits for damages plaintiffs cannot establish Article III standing by relying entirely on a statutory violation or risk of future harm: 'No concrete harm; no standing.' " *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021) (quoting *TransUnion*, 594 U.S. at 423). Accordingly, under the standard set forth in *TransUnion* and the Second Circuit's ruling in *Guthrie*, Plaintiff has not sufficiently alleged a concrete injury-in-fact to establish Article III standing for the wage notice/statement claims.

## IV. Retaliation under the FLSA and NYLL

Under the FLSA, it is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or

caused to be instituted any proceeding[.]" 29 U.S.C. § 215(a)(3). Claims brought under this anti-retaliation provision are analyzed under the three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). "[A] plaintiff … must first establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Id.* at 53 (citing *Cruz v. Coach Stores, Inc*., 202 F.3d 560, 566 (2d Cir. 2000)).

For a complaint to constitute a "protected activity", the complaint "must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Greathouse v. JHS Sec. Inc.,* 784 F.3d 105 (2d Cir. 2015) (citing *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). The complaint may be made orally but must be "made to [the] employer[] in a context that makes the assertion of rights plain." *Id*. at 115.

Defendant argues that Plaintiff does not have a plausible FLSA retaliation claim because she "alleges only that she complained about a violation of the New York Labor Law" and "did not complain about a violation of the FLSA." Def's Mot. at 8. But the Second Circuit made clear in *Greathouse* that "the employee need not invoke the [FLSA] by name." 784 F.3d at 116; *see also Ma v. Zhong Bao Produce Grp. Inc.*, 2018 WL 11511634, at *4 (E.D.N.Y. July 2, 2018) ("A plaintiff need not specifically invoke the name of the statute nor is he required to show that the alleged conduct actually violated the FLSA") (citation omitted); *Cortese v. Skanska Koch, Inc.*, 544 F. Supp. 3d 456, 471 (S.D.N.Y. 2021) ("to secure the FLSA and NYLL's protections against retaliation, an employee need not state his complaints with lawyerly precision").

Defendant further contends in its reply brief that Plaintiff's retaliation claim should be dismissed because "FLSA violations concern only the payment of minimum wages and overtime," and Plaintiff's complaint about timely wages was "not a complaint about minimum wage or overtime, so it does not show a complaint about a violation of the FLSA." Def's Repl. at 12, ECF No. 19-6. While it is true the text of the FLSA does not explicitly require timely payment of wages, courts "have long interpreted the statute to include a prompt payment requirement." *Cooke v. Frank Brunckhorst Co., LLC*, 734 F. Supp. 3d 206, 214 (E.D.N.Y. 2024) (citing *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 55 (2d Cir. 1998); *see also United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir.1960) ("While the FLSA does not expressly set forth a requirement of prompt payment, such a requirement is clearly established by the authorities...."). Pertinently, "[c]ourts in this Circuit have found defendants to have violated the FLSA by failing to issue prompt payment pursuant to NYL § 191." *Cooke*, 734 F.Supp.3d at 215; *see also Strain v. Sw. Airlines Co.*, 2025 WL 1384156, at *4 (E.D.N.Y. May 13, 2025) (explaining that "using state law to determine whether FLSA was violated" is "exactly the regime that FLSA authorized, by permitting state law to supplement baseline federal requirements"); *Rosenbaum v. Meir*, 658 F. Supp. 3d 140, 150 (E.D.N.Y. 2023) ("for the purposes of bringing a Section 215 retaliation claim, it is sufficient for Plaintiff to allege her employer … failed to promptly pay her wages in violation of the FLSA"). Thus, Plaintiff's complaint about failure to pay timely wages could be reasonably understood as plausibly alleging a violation of the FLSA's prompt payment requirement.

Importantly, "a plaintiff is not required to plead a *prima facie* case under *McConnell Douglas* … to defeat a motion to dismiss." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015); *see Brundidge v. Xerox Corp.*, 2014 WL 1323020, at *3 (W.D.N.Y. Mar. 31, 2014) ("[A]t the pleading stage, the survival of a complaint ... does not rest on whether it contains

specific facts establishing a *prima facie* case under *McDonnell Douglas*." (internal quotations omitted)); *Rosenbaum*, 685 F.Supp.3d at 150 ("Plaintiff has alleged sufficient facts to assert a plausible claim … under the FLSA and NYLL. Nothing more is required of Plaintiff to survive the pleading stage."); *Green v. Brown*, 2025 WL 1310852 (E.D.N.Y. Mar. 11, 2025) (allegations that Plaintiff complained several times to employer that her pay was insufficient were enough at the pleading stage to satisfy the standard that Plaintiff engaged in protected activity), *R. & R. adopted,* 2025 WL 1309825 (E.D.N.Y. Mar. 26, 2025). At the motion to dismiss stage, Plaintiff's allegations need only give rise "to a minimal inference of discriminatory motivation." *Vega*, 801 F.3d at 84 (citation omitted).

Here, the Complaint alleges Plaintiff "frequently complained to Defendant about the lack of timely payments." Compl. ¶20. Plaintiff further alleges Defendant terminated her employment on the same day she complained regarding the timeliness of her pay. *Id.* ¶ 5-6. "In light of both content and context," the Complaint plausibly alleges that Plaintiff's complaints were "sufficiently clear and detailed" to establish that she was asserting a violation of statutory rights. *Greathouse,* 784 F.3d at 107. Accordingly, Plaintiff's FLSA retaliation claim would have survived.

**V. Misclassification**

Plaintiff's final cause of action seeks damages for misclassification. Specifically, Plaintiff claims "Defendant required [her] to be classified as an Independent Contractor, though she met all criteria for an employee." Compl. ¶ 61. Plaintiff alleges as a result of the misclassification, "she did not receive the regular benefits available to her under New York law if she was properly classified[,]" including paid leave and unemployment benefits. *Id.* ¶ 62. But Plaintiff fails to provide any legal authority for an independent claim of "misclassification."

Plaintiff cites *Impossible Entertainment, Inc. v. Wulf*, where a New York trial Court permitted a cause of action to proceed where the defendant asserted a counterclaim alleging they were harmed as a result of being wrongfully classified as an independent contractor. 2011 WL 11415351, at *3 (N.Y. Sup. Ct. Oct. 06, 2011). They claimed the employer did so "with the wrongful intent to evade payment of employment taxes, social security and Federal Insurance Contributions Act ("FICA") tax, and other expenses incurred by companies in connection with their maintenance of employees under New York State and Federal law, as well as payment of benefits, and as a result, defendant suffered damages." *Id*. at *2 (quotation marks omitted).

The *Wulf* court concluded "[r]egardless of whether this claim is properly labeled unjust enrichment or 'misclassification of employment status,' defendant has stated a claim." *Id*. at *3. Here, however, Plaintiff's complaint is not so illustrative, merely claiming she was deprived of leave and unemployment benefits. Compl. ¶¶ 62-63.

Thus, it is more akin to *Collison v. WANDRD, LLC*, where the Southern District dismissed a misclassification claim because the complaint did not contain an allegation the employer improperly deducted wage sums and that they failed to pay to the federal or state tax authorities. 737 F. Supp. 3d 231 (S.D.N.Y. 2024). The court recognized "[t]he NYLL imposes civil and criminal penalties on employers who misclassify their employees, but only in specific industries—namely, construction contractors and commercial goods transportation contractors." *Id*. at 244 (citing N.Y. Lab. Law §§ 861-e, 862-d). The court continued "[t]hat limited scheme reflects the legislature's finding that employee misclassification is a prominent issue in 'New York state's construction industry.' " *Id*. (citing N.Y. Lab. Law § 861-a). It is unclear, however, if the case was dismissed because the court did not recognize misclassification as a cause of action, or because the plaintiff failed to allege a direct downstream harm resulting from the misclassification.

Defendant cites *Lewis v. Affiliated Enter. Sols., LLC* for the proposition that NYLL does not provide an independent cause of action for misclassification. 2024 WL 2058538 (N.D.N.Y. Feb. 20, 2024), *R & R adopted*, 2024 WL 1652460 (N.D.N.Y. Apr. 17, 2024). But such an argument misreads the holding. In *Lewis*, the court dismissed the misclassification claim because the plaintiff "[did] not allege what harm he suffered as a result . . . for example, that he was not paid the required minimum wage or was denied overtime benefits." *Id*. at *2.

In any event, it is inappropriate to permit a misclassification claim to survive on such bare allegations, especially where no controlling precedent is cited to permit the cause of action to stand in the first place. Aside from *Lewis* and *Wulf*, the Parties provide no legal authority for this Court to determine whether the NYLL supports an independent misclassification cause of action.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to dismiss is GRANTED. To be clear, the FLSA claims are dismissed under Rule 12(b)(6) and we decline supplemental jurisdiction over the remaining NYLL claims. The discussion regarding the merits of Plaintiff's claims is purely academic. Plaintiff may file an amended complaint to correct the above deficiencies within 30 days, or the case will be dismissed *with prejudice*.

**SO ORDERED.**

/s/

Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
September 30, 2026